## Ex Parte J. H. Chambers.

No. 15217.   Delivered March 2, 1932.

The opinion states the case.

*Earl M. Greer,* of Wills Point, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CALHOUN, Judge.—This is an appeal from the order of the district judge of Van Zandt county refusing to discharge the appellant on his application for habeas corpus.

On the hearing of appellant's application for discharge, it appeared that the appellant was a witness in behalf of the state upon the trial of a

78

criminal court in the district court of Van Zandt county. Upon cross-examination by counsel for the accused, the appellant was asked if he had not been indicted theretofore for accepting a bribe. To this interrogation appellant replied that he didn't understand the question, whereupon the court propounded to the witness that the defendant asked if he had not been indicted two or three times for accepting a bribe, and said appellant answered that he had been so indicted, and then turned to the court during the trial and in open court and while the court was in session and said to the court in a defiant manner, "Yes, it was a frame-up and nothing has been done by you with the cases", and said to the court very defiantly, "What are you going to do about it?" The court then asked the said ‛J. H. Chambers if he was asking the court that question, whereupon the said J. H. Chambers said, "Yes, I mean you". The court then said, "I am not going to do anything about it", and the appellant then said, "Well". The court then advised the appellant, "I will hold you in contempt of court", and the appellant replied, "I don't care", and the court said, "I fine you $100 and ‛three days in the county jail for contempt of court."

The record shows that the court in his judgment found the factum of the contempt and that judgment was entered and a writ of commitment issued. There is nothing else appearing in the record. The conduct of the appellant was a direct contempt of court and the district judge had the power to punish him for such conduct.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

Morrow, P. J., absent.